UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PETE'S BIG TVS, INC.,<br>    Plaintiff(s),<br>v.<br>AG LIGHT AND SOUND INC.,<br>    Defendant(s). | Case No. 2:24-cv-00315-APG-NJK<br><br>**Scheduling Order** |

Pending before the Court is the parties' proposed discovery plan seeking special scheduling review. Docket No. 18.

The presumptively-reasonable discovery period is 180 days. *See* Local Rule 26-1(b)(1). The discovery plan seeks a 50% expansion of the presumptively-reasonable discovery period. Docket No. 18 at 1. The reasoning advanced for that relief is, in its entirety, as follows: "The parties seek a 9-month period in which to conduct discovery due to the complexity of the case, involving events which took place in different jurisdictions across a span of time which is at the heart of the subject matter." *Id.* Such a bald assertion does not justify special scheduling review.

First, the case does not appear to be complex at all. The central allegations in the complaint are that Defendant failed to pay for concert equipment that it had rented and for the setup of that equipment. *See, e.g.*, Docket No. 1 at ¶ 12. The complaint also alleges that Plaintiff was forced to clean and repair the equipment based on its condition when returned. *See id.* at ¶ 9. Defendant responds that it is Plaintiff who breached the contract. *See, e.g.*, Docket No. 11 at 5. Hence, this appears to a run-of-the-mill contract dispute regarding the use of and payment for concert equipment. The Court fails to discern (and the discovery plan does not identify) factual complexities that require discovery beyond the normal period.

Second, the place where the equipment was used and the span of time do not appear to warrant extra time. No explanation is advanced why the location of the equipment use impacts the ability to advance discovery in prompt fashion, and technological advances suggest that it probably will not. *Cf. Swenson v. GEICO Cas. Co.*, 336 F.R.D. 206, 210 (D. Nev. 2020). The Court is also unclear how the "span of time" warrants a longer discovery period given that the equipment usage covered less than two weeks. *See* Docket No. 1 at ¶¶ 6-7. Hence, the location and timeframe of the underlying events do not justify an elongated discovery period.

In short, the discovery plan fails to provide justification to depart from the presumptively-reasonable discovery period. The Court is mindful, however, of the problematic nature of the timing in which the discovery plan was filed. The discovery plan was due on or about April 22, 2024, *see* Docket No. 11; *see also* Local Rule 26-1(a), but it was not filed until June 10, 2024, *see* Docket No. 18.[1] Because counsel violated the local rules, they have made it impossible to set a deadline to amend or add parties in compliance with the default schedule. *See* Local Rule 26-1(b)(2). In an effort to ensure that the case be decided on its merits, the Court will provide some relief from the default schedule for that particular deadline. Counsel are warned moving forward, however, that they must strictly comply with the deadline to file a discovery plan, that failure to do so may not result in leniency in the case management deadlines, and, indeed, that violating the local rules in this regard may result in the imposition of sanctions. *See* Local Rule IA 11-8(c).

Accordingly, the discovery plan is **DENIED**. Case management deadlines are hereby **SET** as follows:

- Initial disclosures: June 7, 2024
- Amend pleadings/ add parties: June 25, 2024
- Initial experts: July 8, 2024
- Rebuttal experts: August 5, 2024
- Discovery cutoff: September 4, 2024
- Dispositive motions: October 4, 2024

---

[1] Despite the clear local rules on the deadline for filing the discovery plan, it was filed only after the Court ordered the parties to do so. *See* Docket No. 17.

2

- Joint proposed pretrial order: November 4, 2024, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: June 11, 2024

_____
Nancy J. Koppe
United States Magistrate Judge