# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PETE'S BIG TVS, INC.,<br>    Plaintiff,<br>v.<br>AG LIGHT AND SOUND INC.,<br>    Defendant(s). | Case No.: 2:24-cv-00315-APG-NJK<br><br>**ORDER**<br><br>[Docket No. 21] |

Pending before the Court is a stipulation to extend the scheduling order by 60 days. Docket No. 21.

A request to extend unexpired deadlines in the scheduling order is governed by Rule 16 of the Federal Rules of Civil Procedure.[1] "The Ninth Circuit is protective of this particular rule, as it deems Rule 16 to be an essential tool in controlling heavy trial court dockets." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 n.3 (D. Nev. 2022) (quoting *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1:11-cv-01273-LJO-BAM, 2013 WL 645741, at *4 (E.D. Cal. Feb. 21, 2013)). Indeed, the Ninth Circuit has "repeatedly and emphatically addressed the importance of scheduling orders as tools for district courts to manage their heavy caseloads." *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2021) (collecting cases). As articulated in one of those cases:

> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.

---

[1] Such a request is also governed by Local Rule 26-3.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citation omitted).[2] Given the importance of scheduling orders and the well-established expectation that they be taken seriously, "enforcement of such an order should come as a surprise to no one." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006).

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension request, "the inquiry should end." *Id.*[3]

The stipulation seeks relief on the ground that Defendant's 30(b)(6) representative's deposition can not be scheduled due to the representative's preplanned vacation time. Docket No. 21 at 2. The parties request time to reschedule the deposition and complete the remaining discovery efforts. *Id.* However, the stipulation fails to explain why that circumstance justifies a

---

[2] The Ninth Circuit has at times taken a softer approach to extensions of deadlines outside the Rule 16 context, such as those related to briefing schedules. *See Ahanchian v. Xenon Pics., Inc.*, 624 F.3d 1253, 1257-60 (9th Cir. 2010); *but see Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1181 (9th Cir. 2022) (distinguishing *Ahanchian* and affirming denial of request to extend "stringent" briefing schedule). Given the robust body of law specific to the Rule 16 context, the Court does not apply the standards discussed in these other cases. *See, e.g.*, *Williams*, 627 F. Supp. 3d at 1177 n.3 (citing *Espinosa v. Corrections Corp. of Am.*, No. 2:19-cv-01617-RFB-NJK, 2021 WL 4186694, at *1 n.1 (D. Nev. Aug. 23, 2021)).

[3] A showing of diligence is required regardless of whether the request to modify case management deadlines is presented by stipulation. "That a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022); *accord Lux v. Buchanan*, No. 2:23-cv-00839-MMD-NJK, Docket No. 49 (D. Nev. Nov. 1, 2023) (Du, C.J.) (affirming denial of stipulation to extend case management deadlines based on lack of diligence).

two-month extension of deadlines. Such an extension appears excessive on its face in relation to the circumstance identified.

The Court also warned counsel in its June 11, 2024, order that "they must strictly comply with the deadline to file a discovery plan, that failure to do so may not result in leniency in the case management deadlines, and, indeed, that violating the local rules in this regard may result in the imposition of sanctions." Docket No. 19 at 2. Despite the clear local rules on the deadline for filing the discovery plan, it was only filed after the Court ordered the parties to do so. *Id.* To date, the parties have only exchanged initial disclosures and Plaintiff has served one set of written discovery. Docket No. 21 at 2. That is not a record of diligence. Furthermore, per the June 11, 2024, order and parties' own stipulation in the proposed Joint Discovery Plan, the parties agreed that initial disclosures would be made on or before June 7, 2024. Docket No. 18 at 3. However, Plaintiff served its disclosures seven days late, and Defendant served its disclosure almost two months late. Docket No. 21 at 2. Plaintiff is now waiting for Defendant's response to its first set of written discovery requests, and no reason has been provided as to why responses have not been provided. *Id.* at 3. Diligence is obviously lacking given the circumstances.

Even more concerning is the fact that the parties are now attesting that they will need further opportunity to take depositions of fact witnesses, and they seek the opportunity to follow-up on any perceived deficiencies in the written discovery to date. Docket No. 21 at 3-4. If these depositions and written discovery are indeed necessary, it begs the question as to why the parties are asking for an extension so close to the cutoff date when discovery has been open for months. The applicable standard is whether discovery could have been completed within the ordered timeframe had the movant been diligent during the entire discovery period. "When a party waits until the eve of the applicable deadlines to propound discovery or compel further responses to discovery, the fact that he would like to follow-up on that discovery with additional discovery is simply not grounds to reopen discovery." *CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*, 2015 U.S. Dist. Lexis 169110, *11-12 (D. Nev. Dec. 15, 2015) (citations omitted).

In short, good cause for the extension sought has not been shown. Nonetheless, as a one-time courtesy, the Court will allow a 7-day extension of the discovery cutoff date only. The Court

3

is not inclined to extend other deadlines further. All other deadlines set forth in the order at Docket No. 19 continue to apply.

The Court finds that good cause has not been established for a two-month extension of the current deadlines. Accordingly, the stipulation to extend is **GRANTED** in part and **DENIED** in part. The discovery cutoff is hereby **EXTENDED** to September 11, 2024.

IT IS SO ORDERED.

Dated: August 29, 2024

_____
Nancy J. Koppe
United States Magistrate Judge