# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

PETE'S BIG TVS, INC.,

    Plaintiff

v.

AG LIGHT AND SOUND INC.,

    Defendant

Case No.: 2:24-cv-00315-APG-NJK

**Order Rejecting Proposed Joint Pretrial Order**

[ECF No. 28]

    The parties' proposed Joint Pretrial Order (ECF No. 28) does not comply with Local Rules 16-3 and 16-4.

    The parties "stipulate and agree to the admittance of all of" each other's exhibits "with the exception of those objected to as indicated below." ECF No. 28 at 15. There are no objections listed, so I presume the parties are stipulating to the admission of all exhibits. Later, however, each party "expressly reserves the right to object to and/or oppose the evidence presented by [each other] at the time of trial [and] further reserves its right to use documents, evidence, and exhibits disclosed by [the other party] in this case, [and each] reserves its right to file objections to [the other's] proposed exhibits." *Id.* at 15, 16. Local Rule 16-3(b)(8) requires parties to list their trial exhibits, rather than attempting to reserve some non-existent right or vaguely referring to "any exhibits." And Local Rule 16-3(b)(8)(B) requires the parties to list their specific objections to each exhibit.

    The parties state that they will offer the depositions of four witnesses, but fail to designate the portions of each deposition to be offered at trial (except for the note of "all pages" for Sondra Pozan) as required by Local Rule 16-3(b)(10). Nor do the parties state their objections to the proposed testimony (by page and line number) as required by Local Rule 16-

3(b)(11).  The parties' objections based on Federal Rule of Civil Procedure 45 seems misplaced as all of the proposed deposition testimony is from party representatives.  I urge both counsel to review the Rules of Civil Procedure and Rules of Evidence—particularly how a party's own statements are usually barred by the hearsay rule—when considering their proposed deposition testimony and objections.

In its list of witnesses, the plaintiff does not identify a single individual.  Incredibly, the plaintiff apparently does not even know who will testify on its own behalf as it lists a "Person Most Knowledgeable" for itself instead of identifying a witness as required by Local Rule 16-3(b)(12). *Id.* at 17.  The plaintiff also attempts to "reserve[] the right to supplement [its] list of witnesses as the identity of additional witnesses becomes known during the course of discovery, through and including the time of trial." *Id.* at 18.  Discovery is closed and Local Rule 16-3(b)(12) bars any such attempt to expand a witness list.  If the parties do not know who the relevant witnesses are by now, they likely are not ready to try this case.

Finally, the parties list at least 15 witnesses to testify at trial, but state that the trial will last only 1-2 days. *Id.* at 22.  That is nearly impossible, even for a bench trial.  Clearly the parties have not adequately thought through what witnesses will be needed for trial.

Local Rules 16-3 and 16-4 are designed to streamline trial preparation and presentation, and to foster settlement.  The parties cannot simply wait to make trial decisions until the eve of trial.  If they do, they cannot fully participate in settlement discussions.

/ / / /

/ / / /

/ / / /

/ / / /

I THEREFORE ORDER that the parties' Joint Pretrial Order (**ECF No. 28) is REJECTED.** The parties shall personally confer as required in Local Rule 16-3, and submit a Joint Pretrial Order that complies with Local Rule 16-4 by May 15, 2025.

DATED this 2nd day of May, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE