Zachary P. Takos, Esq., Nevada Bar No. 11293
Steven R. Hart, Esq., Nevada Bar No. 15418
Christian F. McKinnon., Nevada Bar No. 16584
**TAKOS LAW GROUP, LTD.**
10785 West Twain Avenue, Suite 224
Las Vegas, Nevada 89135
Telephone: 702.658.1900
Facsimile: 702.924.4422
Email:  zach@takoslaw.com
          steven@takoslaw.com

*Counsel for Pete's Big TVs, Inc.*

Jacquelyn J. Kelley, Esq., Nevada Bar No. 14554
**AG PRODUCTION SERVICES, INC.**
4660 Berg St., Suite 130
North Las Vegas, Nevada 89081


*Counsel for Defendant, AG Light and Sound Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PETE'S BIG TVS, INC., a Delaware corporation,<br>                    Plaintiff, | Civil Case No: **2:24-cv-00315 -APG-NJK** |
| v. | **JOINT PRETRIAL ORDER** |
| AG LIGHT AND SOUND INC., a Nevada corporation; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive.<br>                    Defendant. | |

Pursuant to Local Rule 16-3 and Fed. R. Civ. Pro. 16, Plaintiff Pete's Big TVs, Inc. ("PBTV" or "Plaintiff"), by and through its counsel of record, Takos Law Group, Ltd., and Defendant AG Light and Sound, Inc. ("AG" or "Defendant"), by and through its counsel of record, Jacquelyn J. Kelley, Esq., submit this joint pretrial report.

After pretrial proceedings in this case,

IT IS ORDERED:

1

I.

This is an action for:

Plaintiff Pete's Big TVs, Inc. ("PBTV" or "Plaintiff") is owner of the outstanding debt for fees owed for rental equipment it provided to Defendant AG Light and Sound Inc. ("AG" or "Defendant"). In the Spring of 2022, Defendant arranged for the rental of approximately 1,300 interlocking LED video panels for use at two music festivals, the Ultra Music Festival event in Miami, Florida, from March 25th to 27th, 2022 ("Ultra") and for the Coachella event in Indio, California, from April 14th to 21st, 2022 ("Coachella). Defendant and Plaintiff (hereinafter, collectively referred to as the "Parties") reached an agreement to rent Digi LED 15mm MC15-T panels ("Digi Panels") and G-Tek 15mm Flex LED panels ("G-Tek Flex Panels," collectively, the "LED Panels"). Defendant alleges that the agreement between the Parties was entered into by AG because the LED Panels were specifically for outdoor use, and were promised by PBTV to meet  AG's large video screen wall size requirements to be installed at Ultra's mainstage (the "Ultra Mainstage Video Screens"), suggesting AG use the combination of  these two LED Panels because PBTV did not have enough  G-Tek Flex Panels that AG initially requested and PBTV would split AG's order between the Digi Panels and G-Tek Flex Panels.  The LED Panels were modular-type systems that interlocked together to create a larger cohesive video screen. AG used the Digi Panels, a flat panel, on the outsides of the Ultra Mainstage Video Screens, and it used the G-Tek Flex Panels, a flexible panel, on the inside part of the Ultra Mainstage Video Screens creating a flat and curving design at the center.  No written contract was signed by the Parties for this equipment rental. PBTV supplied LED Panels, materials, and accessories to Defendant, that Defendant used at Ultra and Coachella.  Defendant believed the LED Panels it received from PBTV were poor quality and condition and did not meet the specifications, causing color blotchiness and brightness issues leading to performance, aesthetic, and quality issues throughout the music festivals. AG attempted to fix the LED Panels during Ultra but the issues with the LED Panels could not be fixed. After the rental was completed, Defendant refused to pay Plaintiff the amounts due, because Defendant alleged PBTV breached the agreement by not providing the LED Panels as specified and agreed upon. Plaintiff is now owed more than $220,924.52

2

for the services it performed. Plaintiff believes the video panels were returned by Defendant from the Coachella event in deplorable condition, necessitating cleaning and repairs.

II.

Statement of Jurisdiction:

The United States District Court for the District of Nevada has original subject matter jurisdiction with respect to this action pursuant to 28 U.S.C. § 1332, as there exists complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00. The acts and events at issue in this complaint involve and relate to conduct and controversies that occurred in Clark County, Nevada. Defendant participated in, and/or continues to participate in, the activities that are at issue in this matter, which activities occurred in Clark County, Nevada. Additionally, Defendant regularly conducts business in Clark County, Nevada. Therefore, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

III.

The following facts are hereby stipulated to and deemed admitted by the parties:

- Plaintiff PBTV is, and at all relevant times was, a corporation duly organized under the laws of the state of Delaware.[1]

- Defendant AG is a corporation duly organized under the laws of the state of Nevada.[2]

- AG is a production company that specializes in lighting, audio, video, staging, and design for live music events and festivals around the country.

- PBTV specializes in providing advanced LED and video display services, providing visual solutions for events.

- PBTV rented interlocking LED video panels to AG for use at the Ultra Music Festival in Miami, Florida, from March 25th to 27th, 2022 and Coachella in Indio, California, from April 14th to 21st, 2022.

- AG received and used the video equipment, including LED panels and necessary accessories.

---

[1] *See* Complaint on file with the Court at ¶1.

[2] *See id* at ¶2; *see also* Answer on file with the Court at ¶2.

- The accessories were necessary to make the panels work, and AG treated the accessories as a "zero dollar" item on its invoices to clients.

- An agreement existed for PBTV to rent LED panels and accessory items to AG.

IV.

The following facts, though not admitted, are contested and disputed in this matter:  :

A.  Plaintiff asserts the following disputed facts:

- In the Spring of 2022, AG arranged for services for rental and delivery of interlocking LED video panels and other materials. Defendant contracted Plaintiff to provide these services for the Ultra Music Festival event in Miami, Florida, from March 25th to 27th, 2022.[3]

- AG also arranged for these services and equipment for the Coachella event in Indio, California, from April 14th to 21st, 2022.[4]

- This rental agreement between the parties is documented through invoices provided to AG by PBTV.[5]

- AG had rented video panels from PBTV on dozens of occasions before Spring 2022 and was fully aware of the rental costs and the expectation to pay invoices promptly.[6]

- The equipment AG requested was timely transported, without issue, to AG's requested destination.[7]

- PBTV fulfilled its obligations to AG, specifically, the following equipment was requested and provided[8]:

---

[3] *See* Unpaid Invoices attached hereto as Exhibit 1; *see also* Declaration of Peter Daniel attached hereto as Exhibit 2 at ¶3; *see also* Answer to Complaint at ¶6.

[4] *See* Exhibit 1, *see also* Exhibit 2 at ¶4; *See also* Defendant's Answer to Interrogatories attached hereto as Exhibit 3 at Answer to Interrogatory No. 2.

[5] *See generally* Exhibit 1; *see also* Answer to Complaint at ¶6.

[6] *See* Exhibit 2 at ¶5; *see also* Answer to Complaint at ¶6; *see also* deposition transcript of AG Light and Sound 30(b)(6) representative Andrew Gumper attached hereto as Exhibit 6 at 11:8-9.

[7] *See Id* at ¶6.

[8] *See* Exhibit 3 at Answer to Interrogatory No. 1.

- 648 Digi LED 15mm MC15-T 15mm Panels

- 72 Touring Frame – 2x3

- 54 Touring Frame – 2x2

- 10 Tait Bumper- 2W

- 2 LED Processing/Power Back (with Distro)

- 2 Image Pro- II

- 16 Tait Dolly – Double

- 4 Tait Dolly – Single

- 648 GTek 15mm Flex LED Panel

- 2 GTek LED Processor (Dual Card)

- 2 Image Pro -II

- 1,296 GTek 15mm Flex Locking Clips

- PBTV did not plan, design, build, consult, or participate in Ultra or Coachella 2022. It simply informed AG of the available rental equipment and rented out the items requested by AG.[9]

- PBTV's equipment was returned by AG from the Coachella event in deplorable condition, necessitating cleaning and repairs.[10]

- AG was required to make timely payments to PBTV for the rental equipment provided to AG for these two events but failed to do so.[11]

- AG is indebted to PBTV for equipment it rented from PBTV.[12]

- Despite due demand, AG has failed to pay PBTV the amounts due, and PBTV is owed in excess of $220,924.52, including interest, fees, penalties or ancillary damages related thereto.[13]

    B.  Defendant Asserts the following disputed facts:

---

[9] *See* Exhibit 2 at ¶7.

[10] *See id* at ¶8.

[11] *See* Exhibit 1; *see also* **Exhibit 2 at ¶9**; *see also* Answer to Complaint at ¶6.

[12] *See Id.*

[13] *See* Exhibit 1; *see also* Exhibit 6 at 32:4-6 and 21-22.

- AG disputes it owes PBTV $220,924.52 for the rental agreement because this amount is inflated due to charges for services and equipment issues not covered under the original agreement, including cleaning fees. The actual amount owed, if any, by AG should be the agreed-upon rental fees, less any offsets for damages incurred due to PBTV's breach of contract by providing unsuitable equipment. *See* Deposition of Defendant AGLS Light and Sound, Inc.'s 30(b)(6) Representative, at 33:18-20; 50:12-14.

- AG disputes it owes PBTV any monies because of the amount of discounts given to the owner of Ultra the following year, the additional promises made to Ultra's owner offset AG's damages, and AG's loss of the Ultra main stage contract the following for complaints by artists and the Owner to AG for using PBTV's poor quality LED Panels in at the 2022 event *See* Deposition of Defendant AGLS Light and Sound, Inc.'s 30(b)(6) Representative at 64:13-25; 65:1-11; 65:19-25 – 66:1 76:6-13.

- PBTV did not transport any equipment to AG, but instead the equipment was picked up by AG from PBTVs' facility located in Delaware in a dry-rental arrangement. *See* Deposition of Defendant AG Light and Sound, Inc.'s 30(b)(6) Representative at 18: 3-7. Any claims regarding the timely transportation of equipment by PBTV are inaccurate and do not reflect the actual circumstances surrounding the delivery of the rental equipment.

- PBTV did not fulfill its obligations to AG when it rented poor quality LED Panels that were not to the specifications AG made PBTV aware of, and which was essential to the agreement. *See* Deposition of Defendant AGLS Light and Sound, Inc.'s 30(b)(6) Representative at 51: 8-16.

- AG is justified in not making payments to Plaintiff for the LED Panels it received for Ultra and Coachella 2022 because PBTV breached the agreement between the Parties when Plaintiff failed to provide equipment in the condition and specifications agreed upon, which necessitated additional costs and adjustments on AGLS's part. *See* Deposition of Defendant AGLS Light and Sound, Inc.'s 30(b)(6) Representative, at 35:17-23. Additionally, the price agreed upon was not what was invoiced. See *id.* at

- PBTV played a role in assisting AGLS Light and Sound, Inc. by recommending specific equipment for the events. This involvement is evidenced by the suggestion and

subsequent recommendation to use the combination of Digi LED 15mm panels with the GTek 15mm Flex panels, as evidenced by the Demo Video sent by PBTV to AGLS. *See* AGLS's Second Supplement to its Initial Disclosure of Witnesses and Documents. This recommendation was not merely a passive listing of available items but an active suggestion that influenced AGLS's equipment choices for the festivals. This indicates that PBTV's role went beyond mere rental provision, it shaped the entire experience for all those who attended the Ultra and Coachella 2022 shows.

• AG returned the equipment in a condition consistent with normal wear and tear expected from use at large-scale outdoor events such as Ultra and Coachella.

• AG asserts that any additional cleaning or repairs required were not communicated as necessary at the time of return, nor is there a written contract to support Plaintiff's claim that it is owed any cleaning and/or repair fees, if any. *See* Deposition of Defendant AG Light and Sound, Inc.'s 30(b)(6) Representative, at 23:1-5.

V.

The following are Issues of Law for the Court and Questions of Fact for the Factfinder at the Time of Trial:

**A. Plaintiff's View**

1. Breach of Contract (Plaintiff's First Cause of Action)

The elements for a claim of breach of contract are: (1) Valid contract exists between plaintiff and defendant; (2) Defendant breached the contract or failed to render performance when it became due; (3) Defendant's breach or failure of performance was unexcused; (4) All conditions precedent to defendant's duty to perform were fulfilled by plaintiff or were excused; (5) Plaintiff was damaged by the breach; (6) causation and damages were a foreseeable consequence of a particular breach (causation being an essential element of liability).

Questions of Fact:

a. PBTV repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

b. The equipment rental and setup agreement, documented through invoices provided to AG by PBTV, is a valid and enforceable contract.

c. AG was required to make timely payments to PBTV for the services provided to AG for these two events.

d. PBTV has fully performed under the parties' agreement and AG has not disputed PBTV's performance.

e. AG has failed to make timely payments to PBTV for the shipping services provided to AG.

f. Despite due demand, AG has failed and refused to pay PBTV the amounts due, and PBTV is owed an amount in excess of $75,000.00.

g. PBTV has been required to hire an attorney to prosecute this action and, therefore, seeks recovery of its attorneys' fees and costs.

2. Obligation of Good Faith and Implied Covenant of Good Faith and Fair Dealing (Plaintiff's Second Causes of Action)

The elements for a contract claim of breach of the covenant of good faith and fair dealing are: (1) Existence of a valid contract; (2) Every contract in Nevada contains an implied covenant to act in good faith in performance and enforcement of the contract; Justifiable expectation by the plaintiff to receive certain benefits consistent with the spirit of the agreement; (3) Defendant performed in a manner that was in violation of or unfaithful to the spirit of the contract (the terms of the contract are complied with in a literal sense, but the spirit of the contract is breached); (4) Unfaithful actions by the defendant were deliberate; and (5) Causation and damages.

Questions of Fact:

a. PBTV repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

b. The agreement between AG and PBTV's contains an implied covenant of good faith and fair dealing under Nevada law.

c. AG has breached its agreement with PBTV and has acted in bad faith towards PBTV in violation of the implied covenant.

d. As a direct and proximate result of the actions and conduct of AG, PBTV has been damaged in an amount in excess of $75,000.00.

e. PBTV has been required to hire an attorney to prosecute this action and, therefore, seeks recovery of its attorneys' fees and costs.

3. Unjust Enrichment (Plaintiff's Third Cause of Action)

In order to succeed on a claim for unjust enrichment, Plaintiff must show the absence of an express, written contract.

Questions of Fact:

a. PBTV repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

b. Alternatively, AG received a benefit from the equipment rental and setup services provided by PBTV.

c. By failing to pay PBTV for those services, AG has been unjustly enriched.

d. As a direct and proximate result of the actions and conduct of AG, PBTV has been damaged in an amount in excess of $75,000.00.

e. PBTV has been required to hire an attorney to prosecute this action and, therefore, seeks recovery of its attorneys' fees and costs.

**B. Defendant's View**

- No written contract exists between AG and PBTV for the 2022 Ultra or Coachella equipment rental.

- AG and PBTV did not enter into a valid and enforceable contract.

- The price of the equipment rental agreement was never agreed to by the parties.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- The invoices do not constitute a contract because they do not accurately reflect the agreement between AG and PBTV, as the invoices show a price term that was not quoted to AG, and the invoices document items beyond the Digi LED 15mm MC15-T panels and the G-Tek 15mm Flex LED panels that AG requested, the additional items were the: Touring Frames, Tait Bumpers, LED Processing/Power Back, Image Pro-II units, and G-Tek LED Processors. AG argues that these items were not part of the original agreement, and their inclusion in the invoices does not reflect the terms initially agreed upon by the parties.

- PBTV did not fulfill its obligations under the agreement by delivering LED Panels and accessories to AG that did not meet the agreed-upon specifications, including proper color-matching, as Plaintiff described to and showed AG in a 'demo video' before tendering the LED Panels to AG.

- PBTV breached the agreement between the Parties.

- PBTV's breach was material, such that it excused AG's nonpayment of the rental invoices and/or entitling AG to a discount or offset of Plaintiff's alleged damages.

- AG does not owe PBTV $5,600 in cleaning expenses and AG did not agree agreed to pay any cleaning expenses as no written contract creating such an obligation AG exists.

- AG did not agree to paying a cleaning fee on the PBTV rental equipment.

- The condition of the LED Panels when AG received them and at the time AG returned it to PBTV is an unknown factor.

- PBTV failure to provide the LED Panels as described and showed to AG in the 'demo video' entirely or partially excuses AG under the agreement.

- PBTV's role in planning or recommending equipment for the Ultra and Coachella events.

- PBTV is not entitled to costs, interest, and reasonable attorney's fees under the parties' agreement or statute.

- Should the trier of fact find that the Parties had an express contract, PBTV's Unjust Enrichment Claim is not available and no award of damages can be recovered under Plaintiff's claim for Unjust Enrichment.

- PBTV did not confer a benefit on AG to support Plaintiff's Unjust Enrichment claim.

AG reserves its right to assert any of its Affirmative Defenses at the time of trial, as asserted in Defendant's Answer to Plaintiff's Complaint. ( ECF No. 11 at 4:14-28 – 7:1-28).

1.      Plaintiff's Complaint, and all of the claims for relief alleged therein, fail to state a claim against Defendants upon which relief can be granted.

2.      Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

3.      Plaintiff's claims are barred, in whole or in part, by Plaintiffs bad faith in bringing this action including, but not limited to, its wrongful conduct.

4.      Plaintiff has not been damaged directly, indirectly, proximately or in any manner whatsoever by any conduct of Defendant.

5.      This answering Defendant is not in breach of any agreement with Plaintiff, and, thus, is not in default under the terms of any agreement with Plaintiff. If any party is in breach of any agreement, it is Plaintiff.  Plaintiff's claims are barred, in whole or in part, by doctrine of waiver.

6.      Plaintiff's claims are barred, in whole or in part, by doctrines of promissory, equitable, and/or contractual estoppel.

7.      Plaintiff's claims are barred, in whole or in part, on the ground that Defendant has fully complied with any and all agreements between the parties.

8.      Plaintiff's claims are barred, in whole or in part, by the doctrine of laches and/or the applicable statute of limitations.

9.      The damages, if any, which Plaintiff has suffered were caused, in whole or in part, by the acts or omissions of Plaintiff or his agents and representatives or were caused by the acts or omissions of a third party over whom Defendant has no control.

10.     Plaintiff has failed to mitigate its damages.

11.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's own bad faith, fraudulent acts, omissions and misrepresentations, whether intentional, negligent, or constructive.

12.     Plaintiff is involved in conduct which, if carried to its fruition, would materially alter the parties' understanding, thereby releasing Defendant from any obligation under any alleged agreement.

13.     Plaintiff, with full knowledge of all the facts connected with or relating to the transaction alleged in the Complaint, ratified, and confirmed in all respects the acts of Defendant.

14.     The claims, and each of them, are barred, in whole or in part, by the failure of Plaintiff to plead those claims with particularity.

15.     There existed no privity of contract between Plaintiff and Defendant, and the allegations in the Complaint which are based on an expressed or implied contract are, therefore, barred because of said lack of privity of contract.

16.     Defendant did not commit any acts of oppression, fraud or malice, express or implied.

17.     Plaintiff failed to perform its obligations under the agreement at issue and breached its obligations thereunder, thereby discharging Defendant's obligation to perform.

18.     At all times relevant to this action, Defendant has acted in good faith under the terms of any written agreement that may exist or may have existed between Plaintiff and Defendant.

19.     Plaintiff's claims are barred, in whole or in part, by the parol evidence rule.

20.     Plaintiff did not confer any benefit upon Defendant.

21.     There is no basis for recovery of costs or attorneys' fees by Plaintiff from Defendant.

22.     Defendant has been required to enlist services of counsel to defend against these claims and is entitled to an award of reasonable attorneys' fees and costs.

23.     Plaintiff did not competently perform under the Contract.

24.     Plaintiff's claims against this answering Defendant is barred by the Statute of Frauds.

25.     Plaintiff has breached its agreement with Defendant, and consequently, Defendant is entitled to offset the damages suffered by Defendant against Plaintiff's claims.

26.     Plaintiff is not entitled to relief from or against Defendant, as Plaintiff has not sustained any loss, injury, or damage that resulted from any act, omission, or breach by Defendant.

27.    The claims have been brought without reasonable grounds and/or to harass Defendant.

28.    Defendant has always acted reasonably and in good faith material to this action, based upon all relevant facts and circumstances known by them at the time they so acted and, accordingly, Plaintiff is barred from any recovery in this action.

29.    Plaintiff was not injured or damaged in the manner or to the extent claimed by Plaintiff and/or such damages were not proximately caused by any actions or inactions on the part of Defendant.

30.    With respect to Plaintiff's demand for punitive damages, Defendant specifically incorporates by reference all standards of limitation regarding the determination and enforceability of punitive damage awards which arose in the decisions of BMW of North America v. Gore, 116 U.S. 1589 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), and State Farm Mut. Auto. Ins. Co. v. Campbell, 123 S. Ct. 1513 (2003).

31.    Consideration of any punitive damages in this civil action would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the due process provisions of the Nevada Constitution by allowing standard-less discretion to determine punishment and by depriving Defendants of prior notice of the consequences of their alleged acts.

32.    Punitive damages are a punishment, a quasi-criminal sanction for which Defendants have not been afforded the specific procedural safeguards prescribed in the Nevada Constitution and the Fifth and Sixth Amendments to the United States Constitution.

33.    Plaintiff's claims are barred, in whole or in party, by accord and satisfaction.

34.    Plaintiff's claims against Defendants are barred by the doctrine of substantial compliance.

35.    Plaintiff should not be allowed to recover the relief requested in the Complaint because Plaintiff would be unjustly enriched.

36.    Plaintiff's claims are barred, in whole or in part, for insufficient process.

37.    Plaintiff's claims are barred, in whole or in part, for insufficient service of process.

38.    Plaintiff's claims are barred, in whole or in part, on the ground that Plaintiff has failed to state a claim upon which relief can be granted.

37.     Pursuant to Federal Rules of Civil Procedure Rule 8, all affirmative defenses may not have been alleged herein insofar as sufficient information was not available upon the time of filing this Answer. Therefore, Defendant reserves the right to amend this Answer to assert additional Affirmative Defenses as subsequent investigation warrants.

38.     Pursuant to Federal Rules of Civil Procedure Rule 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of this Answer and, therefore, this answering Defendant reserves the right to amend this Answer to allege additional Affirmative Defenses if subsequent investigation warrants.

VI.

The following are the issues of law to be tried and determined at trial:

**A. Plaintiff View**

1. Did PBTV fulfill its obligations to AG?

2. Did AG fulfill its obligations to PBTV?

3. Are AG's affirmative defenses meritorious?

**B. Defendant's View**

1. Determining the existence and validity of a contract between PBTV and AG, including whether the terms were definite, such as the price term.

2. Establish whether the contract was express or implied-in-fact and, if implied, determining a reasonable price under quantum meruit.

3. Assessing whether PBTV fulfilled its contractual obligations or materially breached the contract, and whether any breach excuses AG's nonpayment.

4. Evaluating AG's liability for the cleaning fee and whether it was contractually obligated to pay it.

5. Whether PBTV can recover under unjust enrichment if an express contract is found to exist.

6. Whether Pete's adequately supported its claim for breach of the covenant of good faith and fair dealing.

7. Deciding whether Pete's is entitled to costs, interest, and attorney's fees under the agreement or Nevada law.

VII.

(a) The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:

The Parties are amenable to disposition of foundational matters regarding authenticity of documents and therefore stipulate that no objections will be made as to the authenticity of the Parties' documents listed in this Joint Pretrial Order as exhibits to be entered into evidence.

(1)    Plaintiff's Exhibits

The parties stipulate and agree to the admittance of all of Plaintiff's Exhibits.

| Description | Bates No. |
| --- | --- |
| Email to Andrew Gumper re invoices | PB000001-PB000002 |
| Email to Andrew Gumper re logistics | PB000003-PB000005 |
| Statement of Account 11/22/2023 | PB000006 |
| AG Invoices | PB000007-PB000009 |

PBTV reserves its right to use documents disclosed by AG in this case.

(2)    Defendant Exhibits

The parties stipulate and agree to the admittance of all of Defendant's Exhibits.

| Description | Bates No. |
| --- | --- |
| Email dated March 11, 2022, between Andrew Gumper, Peter Daniel and Joe Boas re: Tractor Pick Up | PBT001-PBT002 |
| Email dated March 15, 2022, from Guy Benjamin re: Ultra Deposit | PBT003-PBT004 |
| Email dated March 15, 2022, from Jack Miller re: Request for Phone Call | PBT005 |
| Email dated March 30, 2022, from Joe Boas re: Invoices for Ultra and Coachella | PBT006 |

| | |
|---|---|
| Quote No. 22-0075 AG Ultra dated March 2, 2022, for $35,000.00 | PBT007-PBT008 |
| Deposit Invoice R29014.00 AG Ultra dated March 18, 2022, for $21,000.00 | PBT009 |
| Invoice No. R29014.00 AG Ultra emailed March 30, 2022, for $35,000.00 | PBT010 |
| Invoice No. R29016 Coachella emailed March 30, 2022, for $55,000.00 | PBT011 |
| Three (3) Color Photographs taken at Ultra Music Festival, showing display issues | PBT012-PBT014 |
| Declaration of Sondra Pozan, AG Lead Video Tech and Repairs Manager (2006-present) | PBT016-PBT018 |
| Declaration of Andrew Sclafani, Lead Video Tech for Ultra Music Festival 2022 | PBT019-PBT021 |

Defendant reserves its right to use documents, evidence, and exhibits disclosed by Plaintiff in this case.

  (b) As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:

    (1) Plaintiff's Exhibits

    None.

    (2) Defendant's Exhibits

    None.

  (c) Electronic evidence:

    (1) Plaintiff's

| | |
|---|---|
| Three (3) Color Photographs taken at Ultra Music Festival, showing display issues | **PBT012-PBT014** |
| One (1) Video taken at Ultra Music Festival, showing screen display issues | PBT015 |
| Video Demo received from PBTV showing the Digi LED 15mm | PBT022 |

(2)    Defendant's

| Description | Bates No. |
|---|---|
| Three (3) Color Photographs taken at Ultra Music Festival, showing display issues | PBT012-PBT014 |
| One (1) Video taken at Ultra Music Festival, showing screen display issues | PBT015 |
| Video Demo received from PBTV showing the Digi LED 15mm | PBT022 |

(d) Depositions:

(1)    Plaintiff PBTV will offer the following depositions:

The depositions of Andrew Gumper, Andrew Sclafani, and Sondra Pozan (in their entirety) will be offered solely for the purpose of impeaching witness testimony at trial. Plaintiff expressly objects to the use of deposition testimony in lieu of live testimony.

(2)    Defendant AG will offer the following depositions:

The depositions of Defendant AG Light and Sound, Inc.'s 30(b)(6) Representative, Andrew Gumper, Andrew Sclafani, and Sondra Pozan (all pages) will be offered against the Plaintiff should any of these witnesses not be available to appear in person at the time of trial in accordance with Federal Rules of Civil Procedure.

(f) Objections to Depositions:

(1) Plaintiff has no objections to Defendant's depositions being used for purposes of impeachment, however, Plaintiff expressly objects to the use of deposition testimony in lieu of live testimony.

(2) At this time, Defendant has no objections to the introduction of Plaintiff's intended depositions for the purposes provided under F.R.C.P. 32. Defendant reserves it's right to object to the portions of the deposition testimony that Plaintiff intends to present as evidence and/or impeachment evidence at the time of trial that violate Federal Rules of Evidence, including, but not limited to, hearsay rules.

VII.

The following witnesses may be called by the parties at trial:

(a)  Plaintiff

1.    Peter Daniel
      c/o Takos Law Group, Ltd.
      10785 West Twain Avenue, Suite 224
      Las Vegas, NV 89135
      702.658.1900

      Peter Daniel is expected to testify regarding his knowledge of the facts at issue in this case.

2.    Jack Miller
      c/o Takos Law Group, Ltd.
      10785 West Twain Avenue, Suite 224
      Las Vegas, NV 89135
      702.658.1900

      Jack Miller is expected to testify regarding his knowledge of the facts at issue in this case.

3.    Andrew Sclafani, Lead Video Tech Ultra Music Festival 2022
      c/o Jacquelyn J. Kelley, Esq.
      AG General Counsel
      4660 Berg St., Suite 130
      North Las Vegas, NV 89081

Mr. Sclafani is expected to testify regarding his personal knowledge of the facts and circumstances surrounding the allegations and claims in Plaintiff's Complaint. Further, he is believed to have pertinent information with respect to the claims, defenses, and damages.

4.    Any and all witnesses identified by any other party to this litigation.

Defendant expressly objects to Plaintiff Pete's Big TV Inc.'s identification and/or designation of witnesses it intends to call in its case in chief in this Joint Pretrial Order, which is well after the discovery cut off of September 11, 2024 [ECF NO. 22], including but not limited to its "Person Most Knowledgeable for Pete's Big TVs Inc.'s" or F.R.C.P. 30(b)(6) witness, Peter Daniel, and Jack Miller

and reserves its right to file a motion in limine to exclude the testimony of these witnesses listed at this late hour.

(b) Defendant

1. **Andrew Gumper, President**
   **AG LIGHT AND SOUND, INC.**
   **c/o Jacquelyn J. Kelley, Esq.**
   **AG General Counsel**
   **4660 Berg St. Suite 130**
   **North Las Vegas, NV 89081**

Mr. Gumper is expected to testify regarding his personal knowledge of the facts and circumstances surrounding the allegations and claims in Plaintiff's Complaint. Further, Mr. Gumper is believed to have pertinent information with respect to the claims, defenses, and damages. The Person(s) Most Knowledgeable is believed to have information relating to the facts and circumstances surrounding the allegations and claims in Plaintiff's Complaint.

2. **Person Most Knowledgeable for AG Light and Sound, Inc.**
   **Andrew Gumper**
   **c/o Jacquelyn J. Kelley, Esq. General Counsel**
   **AG PRODUCTION SERVICES, INC.**
   **4660 Berg St. Suite 130**
   **North Las Vegas, NV 89081**

**The Person(s) Most Knowledgeable is believed to have information relating to the facts and circumstances surrounding the allegations and claims in Plaintiff's Complaint.**

3. James Watral, Director of Operations for
   AG LIGHT AND SOUND, INC.
   c/o Jacquelyn J. Kelley, Esq.
   AG General Counsel
   4660 Berg St. Suite 130
   North Las Vegas, NV 89081

Mr. Watral is expected to testify regarding his personal knowledge of the facts and circumstances surrounding the allegations and claims in Plaintiff's Complaint. Further, Mr. Watral is believed to have pertinent information with respect to the claims, defenses, and damages.

4. Tammy Denney, Accounts Payable for
   AG PRODUCTION SERVICES, INC.
   c/o Jacquelyn J. Kelley, Esq. General Counsel

4660 Berg St. Suite 130
North Las Vegas, NV 89081

Ms. Denney is expected to testify regarding his personal knowledge of the facts and circumstances surrounding the allegations and claims in Plaintiff's Complaint. Further, Ms. Denney is believed to have pertinent information with respect to the claims, defenses, and damages.

     5.     Jack Miller, Witness
               PETE'S BIG TV'S INC.
               c/o Takos Law Group, Ltd.
               10785 West Twain Avenue, Suite 224
               Las Vegas, NV 89135

Mr. Miller is expected to testify regarding his personal knowledge of the facts and circumstances surrounding the allegations and claims in Plaintiff's Complaint. Further, he is believed to have pertinent information with respect to the claims, defenses, and damages.

     **6.**     **Peter Daniel, Account Manager**
               **PETE'S BIG TV'S INC.**
               **c/o Takos Law Group, Ltd.**
               **10785 West Twain Avenue, Suite 224**
               **Las Vegas, NV 89135**

Mr. Daniel's is expected to testify regarding his personal knowledge of the facts and circumstances surrounding the allegations and claims in Plaintiff's Complaint. Further, he is believed to have pertinent information with respect to the claims, defenses, and damages.

     7.     Stephen Isenberg, Witness
               IMPACT AV
               245 Avro Ave.
               Pointe-Claire, Quebec H9R6A9
               (877) 877-9255

Mr. Isenberg is expected to testify regarding his personal knowledge of the facts and circumstances surrounding the allegations and claims in Plaintiff's Complaint. Further, he is believed to have pertinent information with respect to the claims, defenses, and damages.

     8.     Sondra Pozan, Lead Video Tech AG for
               AG LIGHT AND SOUND, INC.
               c/o Jacquelyn J. Kelley, Esq.
               AG General Counsel
               4660 Berg St., Suite 130

North Las Vegas, NV 89081

Mrs. Pozan is expected to testify regarding her personal knowledge of the facts and circumstances surrounding the allegations and claims in Plaintiff's Complaint. Further, she is believed to have pertinent information with respect to the claims, defenses, and damages.

9.    Andrew Sclafani, Lead Video Tech Ultra Music Festival 2022
      c/o Jacquelyn J. Kelley, Esq.
      AG General Counsel
      4660 Berg St., Suite 130
      North Las Vegas, NV 89081

Mr. Sclafani is expected to testify regarding his personal knowledge of the facts and circumstances surrounding the allegations and claims in Plaintiff's Complaint. Further, he is believed to have pertinent information with respect to the claims, defenses, and damages.

10.    Craig Jordan, Video Technician
       c/o Jacquelyn J. Kelley, Esq.
       AG General Counsel
       4660 Berg St., Suite 130
       North Las Vegas, NV 89081

Mr. Jordan is expected to testify regarding his personal knowledge of the facts and circumstances surrounding the allegations and claims in Plaintiff's Complaint. Further, he is believed to have pertinent information with respect to the claims, defenses, and damages.

11.    Any and all witnesses identified by any other party to this litigation.

Defendant reserves the right to file a motion in limine to allow the appearance of Defendant's witnesses to occur via videographic means at the time of trial should those witnesses be unable to attend/appear trial in person. This objection and reservation are dependent upon the trial date that has yet to be set by the Court, and Defendant's witnesses' schedules at the time trial is set.

Moreover, Defendant expressly objects to Plaintiff Pete's Big TV Inc.'s identification and/or designation of its "Person Most Knowledgeable for Pete's Big TVs Inc.'s" or F.R.C.P. 30(b)(6) witness and any other witnesses it intends to call in its case in chief at this later hour, as identified in this Joint Pretrial Order, which is well after the discovery cut off of September 11, 2024 [ECF NO. 22], and reserves its right to file a motion in limine to exclude the testimony of these witnesses.

Plaintiff expressly objects to any of Defendant's witnesses offering testimony on the following subjects, except for Andrew Gumper, who was designated as the Rule 30(b)(6) representative on these matters:

(1) All witnesses of which you are aware, or which you intend to call at trial of this matter.

(2) All documents of which you are aware, or which you intend to produce at trial of this matter.

(3) All the terms of the agreement, including those related to the services Provided as set forth in the Complaint.

(4) The nature, substance, and date of any and all communications between representatives of Plaintiff and representatives of Defendant related to the agreement and/or provision of services that is the subject matter of the Complaint on file herein.

(5) The nature, substance, and date of any and all communications between representatives of Ultra Music Festival event in Miami, Florida, from March 25th to 27th, 2022 and representatives of Defendant related to the agreement and/or provision of services that is the subject matter of the Complaint on file herein.

(6) The nature, substance, and date of any and all communications between representatives of Coachella event in Indio, California, from April 14th to 21st, 2022 and representatives of Defendant related to the agreement and/or provision of services that is the subject matter of the Complaint on file herein.

(7) The nature, substance, and date of any and all communications between representatives any other party and representatives of Defendant related to the agreement and/or provision of services that is the subject matter of the Complaint on file herein.

(8) All facts which support, refute, or otherwise relate to the allegations set forth in the Complaint.

(9) Any and all payments made to Plaintiff and/or any third party referenced in this matter.

(10) Any and all settlement agreements relating to past work involving Defendant and Plaintiff, including but not limited to, work performed in the states of California and/or Florida.

Defendant expressly objects to Plaintiff's request to limit the testimony of Mr. Gumper only to F.R.C.P. 30(b)(6) topics. Testimony by Mr. Andrew Gumper will be offered at the time of trial as Defendant's F.R.C.P. 30(b)(6) witness, and as a witness with personal knowledge of the facts and circumstances surrounding the allegations and claims in Plaintiff's Complaint as President of AG Light & Sound, Inc. Mr. Gumper was deposed prior to the close of discovery and Plaintiff was given a fair opportunity to question Mr. Gumper as Defendant AG Light & Sound, Inc.'s F.R.C.P. 30(b)(6) witness and as President for AG Light & Sound, Inc. Thus, Defendant reserves its right to present Mr. Gumper duly as a witness at the time of trial. Additionally, Defendant expressly objects to Plaintiff's limitation and restriction on the relevant and admissible testimony of any and all of Defendant's witnesses it intends to call at the time of trial that may cross over into topics that Defendant's F.R.C.P. 30(b)(6) witness testified to.

Plaintiff may file a motion in limine to limit Mr. Gumper and any other witness's testimony at the time of trial based on the F.R.C.P. 30(b)(6) topic list if it does not agree with Defendant's position.

VIII.

Plaintiff is unavailable until after July 21, 2025.

IX.

It is estimated that the trial will take a total of 2 to 3 days.

DATED this 23rd day of May 2025.                     DATED this 23rd day of May 2025.

**TAKOS LAW GROUP, LTD.**                              **AG PRODUCTION SERVICES, INC.**


_____/s/ Steven R. Hart_____             _____/s/Jacquelyn J. Kelley_____
Steven R. Hart, Esq                            Jacquelyn J. Kelley, Esq.
Nevada Bar No. 15418                           NV Bar No. 14554
10785 West Twain Avenue, Suite 224             4660 Berg St., Suite 130
Las Vegas, Nevada 89135                        North Las Vegas, Nevada 89081
*Counsel for Plaintiff*                        *Counsel for Defendant.*


*/ / /*

23

ACTION BY THE COURT

This case is set for a court trial on the stacked calendar on <u>September 8, 2025 at 9:00 a.m.</u>. Calendar call will be held on <u>September 2, 2025 at 9:00 a.m.</u> All in Courtroom 6C.  This pretrial order has been approved by the parties to this action as evidenced by their signatures or the signatures of their attorneys hereon, and the order is hereby entered and will govern the trial of this case. This order may not be amended except by court order and based upon the parties' agreement or to prevent manifest injustice.

IT IS SO ORDERED:

Dated:   May 27, 2025

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE