Jacquelyn J. Kelley, Esq.
Nevada Bar No. 14554
**AG PRODUCTION SERVICES, INC.**
4660 Berg Street, Suite 130
North Las Vegas, NV 89081
Telephone: (702) 988-1868
jkelley@ag.tc
*Counsel for Defendant*
AG Light and Sound, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PETE'S BIG TVS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AG LIGHT AND SOUND, INC., a Nevada corporation; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive<br><br>Defendants. | Case No.: 2:24-cv-00315-APG-NJK<br><br>**JOINT STIPULATION<br>TO CONTINUE BENCH TRIAL AND<br>RELATED TRIAL DATES**<br><br>**(FIRST REQUEST)** |

Pursuant to District of Nevada Local Rules IA 6-1 and II 26-3, the Honorable Court's Trial Scheduling Order Plaintiff, Pete's Big TVs, Inc. ("Plaintiff"), by and through its counsel of record, Takos Law Group, Ltd. and Defendant, AG Light and Sound, Inc. ("Defendant"), by and through its counsel of record, Jacquelyn J. Kelley, Esq., (collectively, the "Parties") hereby submit the instant Joint Stipulation to Continue Bench Trial and Related Trial Dates ("Joint Stipulation") currently set in this matter.

/ / /

/ / /

/ / /

/ / /

**I.**



# INTRODUCTION

The Bench Trial in this matter is currently set to begin on the **September 8, 2025**, trial stack, with the calendar call scheduled for **September 2, 2025**. *See* ECF Nos. 33 and 34. A Trial Scheduling Conference is currently set for **August 19, 2025**. *See* ECF No. 37. Due to unforeseen and unavoidable circumstances, the Parties jointly agree to and respectfully request that this Honorable Court continue the Bench Trial approximately 60 to 90 days to a mutually agreed upon date, as provided herein, and continue the related trial deadlines accordingly. This is the first stipulation and request made for the continuance of the trial date.

Plaintiff's counsel has experienced an unexpected emergency, as his wife recently gave birth to their child. This event has significantly impacted counsel's ability to adequately prepare for trial. Additionally, Defendant's primary witness and Rule 30(b)(6) corporate representative is unavailable for the current trial date due to unforeseen business obligations. For the reasons set forth herein, the Court should find that the Parties' request for a continuance of the bench trial is supported by a showing of good cause.

## II.
## PROCEDURAL BACKGROUND

1. On February 13, 2024, Plaintiff commenced this lawsuit by filing its original complaint against Defendant [Docket No. 1].

2. On March 8, 2024, Defendant filed its answer to Plaintiff's Complaint [Docket No. 11].

3. On June 11, 2024, the Court entered a scheduling order in this case, including discovery deadlines [Docket No. 19].

4. On August 28, 2024, the Parties filed a Joint Motion ("Joint Motion") to Extend Scheduling Order Deadlines as their first request for an extension of the discovery deadlines [Docket No. 21]



5.      On August 28, 2024, the Court granted the Joint Motion in part, extending the discovery cut off to September 11, 2024, and denied the request for a two month extension of the then current deadlines [Docket No. 22].

6.      On September 11, 2024, discovery closed in this matter [Docket No. 22]

7.      On October 4, 2024, Plaintiff filed a Motion for Summary Judgment ("Plaintiff's MSJ") [Docket No. 23], to which Defendant opposed on October 29, 2024 [Docket No. 24]. Plaintiff filed its Reply in support of Plaintiff's MSJ on November 12, 2024 [Docket No. 25].

8.      On March 31, 2025, the Court denied Plaintiff's MSJ [Docket No. 27], finding that genuine issues of material fact do exist .

9.      On May 27, 2025, the Honorable Chief Judge Andrew P. Gordon issued a Minute Order setting this matter for Trial on the September 8, 2025 trial stack and referred the matter to the United States Magistrate Judge Nancy J. Koppe to schedule a settlement conference with the Parties [Docket No. 33].

10.     On May 29, 2025, the Court set a settlement conference for July 30, 2025 to be held remotely via video [Docket No. 35].

11.     On July 30, 2025, the Parties attended the settlement conference with the Honorable Nancy J. Koppe [Docket No. 36]. The Court, counsel, and the Parties conferred but a settlement was not reached, and the case was returned to the normal litigation track [Docket No. 36].

12.     On July 30, 2025, Plaintiff's counsel, Mr. Steven Hart, contacted Defense counsel, Ms. Jacquelyn Kelley, to discuss the possibility of jointly requesting a continuance of the September 8, 2025 trial date due to urgent personal matters as he and his wife were expecting a baby in early August, and because of trial counsel's unavailability. *See* **Exhibit 1**, July 30, 2025 Email string between Counsel for the Parties discussing a trial continuance.

13.     On July 31, 2025, Ms. Kelley responded to Mr. Hart, agreeing to continue the September 8, 2025 trial date and provided her client's availability for November 3-14, 2025 and December 1-12, 2025. *See* **Exhibit 1**.



14. In Early August of 2025, Mr. Hart and his wife welcomed a new baby. Given Mr. Hart's wife's history of difficult pregnancies and recovery, Mr. Hart must take time off through the month of August and will be working on a limited basis. Mr. Hart's ability to prepare for trial in early September will be extremely challenging under these circumstances. *See* **Exhibit 1**.

15. Further, Mr. Hart represented that in addition to himself, trial counsel, Mr. Christian McKinnon, Esq., will be out of the country until September 13. *See* **Exhibit 1**.

16. On August 14, 2025, the Court issued a Minute Order, setting a trial scheduling conference for August 19, 2025 at 9:00 am [Docket No. 37].

17. Pursuant to the Court's Order [Docket No. 37], the Parties are required to either inform the Court of the anticipated trial length or file a stipulation to continue the trial by August 15, 2025. The Parties are filing this Joint Stipulation in compliance with the Court's directive.

18. On August 15, 2025, Mr. Hart notified Ms. Kelley that of the dates she provided, Plaintiff is available for trial on the following dates: November 3–14, 2025, December 1–6, 2025, and December 10–12, 2025. *See* **Exhibit 1**.

### III.

### ARGUMENT

The decision to grant or deny a continuance is within the sound discretion of the trial court. *See Peters v. Cox,* 2018 U.S. Dist. LEXIS 169614. Courts have broad authority to control their dockets and may grant continuances for "good cause". *See Id*. "Good cause" is generally required to justify a continuance. This standard considers whether the requesting party has been diligent and whether unforeseen or uncontrollable circumstances necessitate the delay. *See Id*.

Good cause exists to grant the requested continuance. Plaintiff's counsel's unexpected family emergency and Defendant's witness unavailability constitute unforeseen circumstances that justify a continuance. The Parties have acted diligently in addressing these issues and have promptly filed this Joint Stipulation in compliance with the Court's August 14, 2025 Minute Order [Docket No. 37].



Courts consider several factors when determining whether to grant a continuance, including the diligence of the parties, the usefulness of the continuance, the inconvenience to the Court and opposing party, and the potential harm to the moving party. Here, the Parties have demonstrated diligence by promptly contacting one another to obtain consent from one another, notifying the Court and seeking a continuance. The continuance will allow both parties to adequately prepare for trial, ensuring a fair and just resolution of the case. The Court has broad discretion to grant continuances and may do so to prevent manifest injustice. Given the circumstances, a continuance is necessary to avoid prejudice to both Parties and to ensure the efficient administration of justice.

Moreover, the Parties bring this Joint Stipulation in the interest of justice and not for the purpose of undue delay. Pursuant to Local Rule IA 6-1, this Joint Stipulation is the first request for a continuance of the trial date in the case. In addition, pursuant to Local Rule II 26-3, the Parties state that there is good cause for this Joint Stipulation because the requested continuance is necessary in light of the Parties' and their counsel's availability and their limited ability to efficiently and adequately prepare for trial.

Consequently, the Court should find that good cause exists to support the Parties' first request for a trial continuance in this matter, as the need has arisen from unforeseeable events beyond the control of the Parties, the Parties request is timely, and the actions and communication between counsel for the Parties is evidence of their diligence to comply with the Court's Minute Order [Docket No. 37] and Local Rules IA6-1 and II 26-3.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV.

## **CONCLUSION**

For the foregoing reasons, and pursuant to Local Rules IA 6-1 and II 26-3, and for good cause, the Parties jointly and respectfully request that the Court grant this Joint Stipulation to continue the Bench Trial and related trial dates. That the Bench Trial is continued to a date feasible with the Court's trial calendar and within the Parties' following mutually agreed upon timeframes of November 3–14, 2025, December 1-6, 2025, or December 10–12, 2025.

DATED this 15th day of August 2025.       DATED this 15th day August 2025.

**TAKOS LAW GROUP, LTD.**                **AG PRODUCTION SERVICES, INC.**

/s/ Steven R. Hart                       /s/ Jacquelyn J. Kelley

Steven R. Hart, Esq.                     Jacquelyn J. Kelley, Esq.
Nevada Bar No. 15418                     Nevada Bar No. 14554
10785 W. Twain Avenue, Suite 224         4660 Berg St., Suite 130
Las Vegas, Nevada 89135                  North Las Vegas, Nevada 89081
*Counsel for Pete's Big TVs, Inc.*       *Counsel for AG Light and Sound, Inc.*

ORDER

Based on the parties' stipulation:

The bench trial scheduled for September 8, 2025, is continued to December 1, 2025, at 9:00 a.m. The calendar call scheduled for September 2, 2025, is continued to November 20, 2025, at 9:00 a.m. The trial scheduling conference scheduled for September 19, 2025, is vacated and reset for November 12, 2025, at 9:00 a.m. All matters will be heard in LV Courtroom 6C.

IT IS SO ORDERED:

Dated:  August 18, 2025

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

