**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PETE'S BIG TVS, INC., | Case No.: 2:24-cv-00315-APG-NJK |
| Plaintiff | **Order (1) Granting Defendant's Motion for Attorney Fees and Costs, (2) Denying Plaintiff's Objection to Bill of Costs, and (3) Denying Defendant's Bill of Costs** |
| v. | |
| AG LIGHT AND SOUND, INC., | [ECF Nos. 70, 71, 73] |
| Defendant | |

Pete's Big TV, Inc. brought three claims to trial against AG Light & Sound, Inc.: breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. Pete's did not prevail on any of them. AG now moves for an award of its attorney fees and costs. ECF No. 71.

Prior to trial, AG served on Pete's two separate offers of judgment under Nevada Rule of Civil Procedure (NRCP) 68 and Federal Rule of Civil Procedure 68. Pete's ignored those offers, thereby rejecting them by silence. NRCP 68(e). Because Pete's did not obtain a judgment more favorable than those offers, AG requests fees under NRCP 68. AG also bases its fee request on Nevada Revised Statute (NRS) § 18.010(2)(b).

I have subject matter jurisdiction over this case based on diversity jurisdiction. In such cases, I follow state law on whether attorney fees can be awarded; they can so long the award is not counter to federal law. *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999) (citation omitted); *Cheffins v. Stewart*, 825 F.3d 588, 597 (9th Cir. 2016) (same).

/ / / /

/ / / /

## I.     I do not award AG fees under NRS § 18.010(2)(b).

NRS § 18.010(2)(b) permits a fee award to the prevailing party "when the court finds that the claim . . . was brought or maintained without reasonable ground . . . ."  The Nevada Legislature specifically directed that "[t]he court shall liberally construe the provisions of this paragraph in favor of awarding attorney's fees in all appropriate situations." *Id.*

Pete's had reasonable grounds to maintain its breach of contract claim.  Pete's reasonably disagreed with AG's defenses that its monitors were as defective as AG claimed and that the impacts on AG's shows were as bad (or as costly) as AG claimed.  Fees are not justified on the breach of contract claim under § 18.010(2)(b).

Nor do I find the claim for unjust enrichment to be baseless.  "An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Leasepartners Corp. v. Robert L. Brooks Tr. Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997).  Although Pete's asserted a breach of contract claim (which necessarily assumes the existence of a contract), AG denied any contract existed, even up to the point of summary judgment. ECF No. 24 at 12.  Thus, Pete's was entitled to maintain this claim as an alternative to its breach of contract claim, in case AG proved at trial that no contract existed.

However, Pete's did not have reasonable grounds to maintain its claim for breach of the implied covenant of good faith and fair dealing.  As I found after the trial:

> [Pete's] complaint nakedly alleges that "AG has breached its agreement with [Pete's] and has acted in bad faith towards [Pete's] in violation of the implied covenant." ECF No. 1 at 3.  [Pete's] neither pleaded nor offered at trial any evidence of any potential breach other than AG's failure to pay, which would be a breach of the contract not of the implied covenant. . . . And [Pete's] presents no evidence that AG violated the intention or spirit of the contract.

2

ECF No. 67 at 8. Pete's should have dropped this claim well before trial. AG had to prepare for trial on that claim, so fees could be justified under § 18.010(2)(b). AG, however, still had to prepare for trial on the unjust enrichment claim and the breach of contract claim, which was the primary claim at trial. Thus, it would be nearly impossible to allocate a specific amount of fees to the breach of the implied covenant claim, and it would be small in any event. So I also decline to award AG fees for this claim under § 18.010(2)(b).

**II.    I award AG attorney fees under NRCP 68.**

Under Nevada law, a prevailing defendant is entitled to recover reasonable post-offer costs and attorney fees if an offer of judgment is rejected and the plaintiff does not recover a more favorable judgment. NRCP 68(f); *Logan v. Abe*, 350 P.3d 1139, 1142 (Nev. 2015) (NRCP 68(f) "authorize[s] a party who makes an offer of judgment that is not improved upon to recover the reasonable attorney fees and costs incurred after the offer of judgment was made."). That rule applies in federal diversity cases. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975) ("In an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." (quotation omitted)); *see also MRO Commc'ns Inc.*, 197 F.3d at 1281 (same); *Cheffins*, 825 F.3d at 597 (same). "Nevada's offer of judgment rule is not counter to any applicable federal statute or rule, and it reflects a substantial policy of Nevada to encourage settlement and award fees as a result of a rejected offer of judgment." *Amezcua v. Jordan Transp., Inc.*, No. 2:13-cv-01608-APG-CWH, 2017 WL 1293994, at *1 (D. Nev. Mar. 31, 2017).

Whether to award fees based on a Rule 68 offer of judgment is up to the discretion of the trial court. "In exercising that discretion, the district court must make findings under the" factors

listed in *Beattie v. Thomas*, 668 P.2d 268, 274 (Nev. 1983) and *Brunzell v. Golden Gate Nat'l Bank*, 455 P.2d 31, 33 (Nev. 1969). *Capriati Constr. Corp. v. Yahyavi*, 498 P.3d 226, 231 (Nev. 2021) (en banc).

I begin with the *Beattie* factors, which are:

> (1) whether the plaintiffs claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiffs decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount.

668 P.2d at 274. "[N]o one factor under Beattie is determinative and [I have] broad discretion to grant the request so long as all appropriate factors are considered." *Yamaha Motor Co., U.S.A. v. Arnoult*, 955 P.2d 661, 673 n.16 (Nev. 1998).

As discussed above, Pete's claim for breach of the implied covenant was baseless and should have been dropped well before trial, but its breach of contract and unjust enrichment claims were brought in good faith.

AG's offers of judgment were reasonable and made in good faith. Both were made after I had ruled on Pete's motion for summary judgment. ECF No. 27. By then, discovery was closed, and Pete's should have been fully aware of the legal insufficiencies of its breach of implied covenant claim. It also should have been aware of the evidence it would face from AG at trial. AG submitted its first offer of $35,000 shortly after I had rejected the parties' proposed joint pretrial order in part because Pete's had failed to identify a single individual witness. ECF No. 29 at 2. Thus, there was at least a possibility that Pete's would be barred from presenting trial witnesses. *Id*. ("Discovery is closed and Local Rule 16- 3(b)(12) bars any such attempt to expand a witness list. If the parties do not know who the relevant witnesses are by now, they likely are not ready to try this case."). AG's offer reasonably valued Pete's risk of not being able

to present its case, however small that risk was.  AG's second offer of judgment ($75,000) was for 88% of the $85,000 listed on Pete's invoices.  The amount and timing of both of AG's offers of judgment were reasonable and demonstrate good faith.

There is no evidence that Pete's rejections of those offers was done in bad faith.  And it was not grossly unreasonable to reject the first offer of $35,000.  But it was grossly unreasonable to reject AG's second offer, given that it was for 88% of Pee's invoiced amounts and that there were serious questions about the merits of Pete's claims.  Pete's was aware of AG's defenses that Pete's equipment was defective and caused AG significant losses.

The fourth *Beattie* factor is subsumed into the *Brunzell* factors, which are:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived.

455 P.2d at 33.  AG's lawyers were well-qualified to handle this case.  Although the legal issues were not novel, it required time and skill to muster the evidence for trial and present it in a coherent fashion.  Presentation of the evidence was complicated in part by Pete's several inconsistent invoices, making it difficult to determine which invoices were "final" and actually sent to AG and which formed the basis of Pete's claim.  The work performed by AG's lawyers was appropriate to the needed tasks, and the hours billed and rates charged were reasonable for this market.  The result speaks for itself.

5

Based on the foregoing, I award AG attorney fees in the amount of $54,637.50[1] under NRCP 68(f)(1)(B).  All of those fees were incurred after AG made its second offer of judgment. *Compare* ECF No. 71 at 28-29 *with* ECF No. 71 at 38-40.

**III.     I award AG its costs under NRCP 68.**

AG filed a Bill of Costs to recover $3,379.81. ECF No. 70 at 1.  Federal Rule of Civil Procedure 54(d) "establishes that costs are to be awarded [to the prevailing party] as a matter of course in the ordinary case." *Ass'n of Mexican-Am. Educators v. State of Cal.,* 231 F.3d 572, 593 (9th Cir. 2000).  Pete's objects that legal research costs are not recoverable under 28 U.S.C. § 1920 or Rule 54(d). ECF No. 73 at 2.  While that may be true, NRCP 68(f)(1)(B) allows recovery of all "post-offer costs and expenses."  AG's costs were reasonable in amount and need. Because I am allowing AG to recover its fees under NRCP 68(f), I also award AG $3,379.81 for its costs under that rule.  I thus deny AG's Bill of Costs as moot.

**IV.     Conclusion**

I THEREFORE ORDER that AG Light & Sound, Inc.'s motion for fees and costs **(ECF No. 71) is granted**.  The clerk of court is directed to enter an amended judgment in favor of defendant AG Light & Sound, Inc. and against plaintiff Pete's Big TV, Inc. in the amount of $54,637.50 for attorney fees and $3,379.81 for costs.

/ / / /

/ / / /

/ / / /

---

[1] This is the amount documented in in AG's motion. ECF No. 71 at 38-39.  AG requests an additional $10,000 as estimated fees to draft and argue its reply in support of its motion. *Id.* at 34.  No argument was held and AG did not itemize its fees in connection with its reply brief, so I deny that increased amount.

I FURTHER ORDER that AG Light & Sound's Bill of Costs **(ECF No. 70) is denied as moot** and Pete's Big TV's objection to the Bill of Costs **(ECF No. 73) is denied**.

DATED this 8th day of June, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE